IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANZIO IRONWORKS CORP.,
14605 49th Street, Suite 8
Clearwater, Florida 33762,

      Petitioner,

v.                                                Case No. _____

AARON R. GERBER,
Director of Industry Operations
Tampa Field Division
Bureau of Alcohol, Tobacco, Firearms
 & Explosives
400 North Tampa Street
Suite 2100
Tampa, Florida 33602,

      Respondent.
_____/

**PETITION FOR JUDICIAL REVIEW**

      Petitioner, Anzio Ironworks Corp., by counsel, files its Petition for Judicial Review of a Final Notice of Revocation of Firearms License, and Final Notice of Denial of Application, both dated July 10, 2020, and states the following:

      1.    This is a petition for *de novo* judicial review of the ATF's revocation of Petitioner's Federal Firearms License ("FFL") and the ATF's denial of an application for a Type 07 FFL as a dealer in firearms other than destructive devices. This action is timely under 18 U.S.C. § 923(f)(3) and its related regulations.

1

## PARTIES

2. Anzio Ironworks Corporation ("Anzio") is a Florida corporation with its principal place of business is in Clearwater, Florida. Mr. Michael Remo is Anzio's President and a Responsible Person under Anzio's FFL. Since June 19, 2006, Anzio has had an FFL to manufacture Destructive Devices, Ammunition for Destructive Devices, and Armor Piercing Ammunition at 14605 49th Street N, Ste 8, Clearwater, Florida 33762.

3. Respondent Aaron R. Gerber ("DIO Gerber") is the Director of Industry Operations ("DIO") of the Tampa Field Division of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), and is sued in his official capacity as DIO. Anzio Ironworks Corp. is within the jurisdiction of the Tampa Field Division, and DIO Gerber has authority over issuance and revocation of licenses for that Division.

## JURISDICTION AND VENUE

4. 28 U.S.C. § 1331 authorizes this Court to hear this action, as it arises under the Constitution and the laws of the United States, including 18 U.S.C. § 923(f)(3) and its related regulations.

5. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, because Anzio has its principal place of business in Clearwater, Florida.

## BACKGROUND FACTS

6. Anzio is a manufacturer of Destructive Devices, Ammunition for Destructive Devices, and Armor Piercing Ammunition located at 14605 49th Street N, Ste 8, Clearwater, Florida 33762, for which it holds an FFL license, No. 1-59-103-10-8G-05536.

7. Anzio is a long-time small community business with a global footprint. Anzio has maintained its license to manufacture handmade high caliber firearms and ammunition since 2006.

8. Mr. Michael Remo is a self-taught gunsmith and entrepreneur, which enabled him to turn his interest into a vocation. Mr. Remo and his four part-time employees focus on the development and production of 20 millimeter and .50 caliber rifles and ammunition.

9. Anzio's clients include the United States Armed Forces and United States allies. A large majority of Anzio's contractual obligations are government end users.

10. On September 26, 2018, the ATF initiated a firearms compliance inspection at Anzio's business premises. ATF conducted a closing conference and issued a "Report of Violations" on December 21, 2018.

11. On April 25, 2019, Anzio filed an application for a Type 07 Federal Firearms License to manufacture firearms other than destructive devices at the business premises located at 12820 Daniel Road, Unit 12, Clearwater, Florida 33762.

12. ATF sent to Anzio via certified mail a "Notice of Revocation" on December 26, 2019. ATF issued to Anzio via certified mail a "Notice to Deny Application for License, ATF Form 4498 (5300.43)" ("Notice to Deny"). The Notice of Revocation the ATF issued to Anzio alleged several violations of 18 U.S.C. § 923 *et seq.*

13. The Notice of Revocation and Notice to Deny alleged Anzio conducted business activities at a location other than their business premises in violation of 18 U.S.C. § 923(a) and 27 C.F.R. § 478.50; failed to complete and record a firearms transaction on an ATF Form 4473 prior to transferring a firearm to non-licensees in violation of 18 U.S.C. § 922(b)(5)

and 27 C.F.R. § 478.124; transferred firearms to non-licensees without receiving a unique identification number in violation of 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102; failed to properly maintain the acquisition and dispositions of firearms in the Licensee's Acquisition and Disposition records required of a manufacturer in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§ 478.123(a), 478.123(b), and 478.123(d); aided and abetted Ligamec Corporation, a manufacturer in firearms and ammunition other than destructive devices, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§ 478.123(a), 478.123(b), and 478.123(d); transferred unregistered destructive devices to non-licensees in violation of 18 U.S.C. § 922(b)(4); and transferred two (2) machineguns to non-licensees in violation of 18 U.S.C. 922(o).

14. Anzio timely requested a hearing on both the Notice to Revoke and the Notice to Deny Application for License.

15. DIO Gerber presided over the hearing for both the Notice to Revoke and the Notice to Deny Application for License on March 11, 2020. DIO Gerber received evidence from the government, represented by Amy Freyermuth, and from Mr. Michael Remo, President of Anzio Ironworks Corporation. Mr. Remo did not have the benefit of counsel for the hearing.

16. Specifically, the government introduced evidence of Mr. Remo's alleged willful violations of 18 U.S.C. § 923 and its related regulations.

17. Mr. Remo introduced evidence refuting the willfulness of any statutory or regulatory violations Anzio committed.

18. DIO Gerber issued Final Notices of Denial of Application, Revocation and/or Fine of Fine of Firearms License, ATF E-Form 5300.13, revoking Anzio's Federal Firearms Licenses and denying Anzio's Application for a Type 07 License on July 10, 2020.

19. The ATF's Revocation Letter is attached, and incorporated herein by reference, as Exhibit 1.

20. The ATF's Denial Letter is attached, and incorporated herein by reference, as Exhibit 2.

21. In both letters, DIO Gerber made several "Findings of Fact" and "Conclusions of Law." Specifically, in paragraph 9, DIO Gerber found Anzio willfully committed recordkeeping and physical firearm transfer violations. DIO Gerber also found Anzio willfully aided and abetted Ligamec Corp.

22. Anzio, by counsel, submitted a Request for Stay of the Revocation of the License for 60 days under 18 U.S.C. § 923(f)(3) and 27 C.F.R. § 478.78. Anzio requested the stay to effectuate the orderly shutdown of operations and to satisfy several outstanding contracts to a United States ally.

23. DIO Gerber issued a stay on August 19, 2020. The stay requires Anzio to abide by or comply with seven conditions.

24. DIO Gerber's Limited Stay of Revocation is attached, and herein incorporated, as Exhibit 3.

25. Mr. Remo and his team tirelessly work to comply fully with DIO Gerber's conditions and satisfy all open contracts. Soon after DIO Gerber issued the stay, Mr. Remo began to retrieve and secure all firearms his partners possessed. Mr. Remo immediately

updated his Acquisition and Disposition Record to be compliant with 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123. With the ATF's aid, Mr. Remo is currently making efforts to transfer firearms from Anzio to Mr. Remo, in his personal capacity, consistent with ATF regulations. Mr. Remo is in the process of destroying any weapons not subject to any contract or that will not be ultimately transferred to him in his personal capacity or another appropriate party. Mr. Remo will transfer several National Firearms Act regulated items to others only after using the appropriate ATF forms consistent with the Stay. Anzio immediately ceased all new production or acquisition of new firearms. Finally, Mr. Remo has updated and will continue to submit information in order to update the National Firearms Registration and Transfer Record consistent with the Stay.

26. To the extent the Stay permits, Anzio made and will continue to make affirmative efforts to correct all recordkeeping errors and implement preventive measures to prevent regression.

27. Mr. Remo ensures all business Anzio conducts takes place on Anzio's conditionally licensed premises.

28. At no time has the ATF found Anzio or Mr. Remo to be engaged in nefarious practices or to be a threat to public safety or national security. His intentions are quite the opposite—Anzio's mission is to help provide our Armed Forces and its allies with the best weaponry to ensure public safety and national security.

29. 18 U.S.C. § 923(e) authorizes the Attorney General to revoke licenses and/or deny application for FFLs only if the licensee/applicant willfully violates or has willfully violated the provisions of that chapter or rules promulgated thereunder.

## COUNT ONE

30.     Petitioner incorporates Paragraphs 1-29 herein by reference.

31.     DIO Gerber found on sixty-nine occasions, Anzio transferred a firearm to an unlicensed individual without receiving a unique identification number in violation of 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102.

32.     The ATF revoked Anzio's Federal Firearms License without authorization.

33.     18 U.S.C. § 922 authorizes the Attorney General to revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation … under this chapter."

34.     Mr. Remo, a Responsible Person on Anzio's behalf, did not willfully violate the provisions of either 18 U.S.C. § 922(t) or 27 C.F.R. § 478.102.

35.     The transfer between Mr. Remo and Mr. Ruiz of sixty-nine NFA-regulated firearms was not done with purposeful disregard of or plain indifference to the applicable statutory and regulatory requirements.

36.     Mr. Ruiz was a Responsible Person under Anzio's license at the time of the ATF's inspection on September 26, 2018.

37.     Mr. Remo believed the transfer between himself and Mr. Ruiz to be valid because Mr. Ruiz was a Responsible Person under his license and Mr. Ruiz solely received the firearms to continue and complete manufacturing.

## COUNT TWO

38. Petitioner incorporates Paragraphs 1-37 herein by reference.

39. DIO Gerber found on sixty-nine occasions Anzio failed to complete and record the firearm transaction on an ATF Form 4473 prior to transfer in violation of 18 U.S.C. § 922(b)(5) and 27 C.F.R. § 478.124(a).

40. The ATF revoked Anzio's Federal Firearms License without authorization.

41. 18 U.S.C. § 922 authorizes the Attorney General to revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation … under this chapter."

42. Mr. Remo, a Responsible Person on Anzio's behalf, did not willfully violate the provisions of 18 U.S.C. § 922(b)(5) and 27 C.F.R. § 478.124(a).

43. Mr. Remo testified that "transfers" in the logbook were not always transfers within the statutory and regulatory meaning.

44. Mr. Remo logged the movement of his firearms even for Responsible Persons taking the firearms for testing.

45. This practice is not purposeful disregard of or plain indifference to 18 U.S.C. § 922(b)(5) and 27 C.F.R. § 478.124(a).

## COUNT THREE

46. Petitioner incorporates Paragraphs 1-45 herein by reference.

47. DIO Gerber found Anzio failed to have ATF Form 4s or complete ATF Form 4473s for the transfer of fifty-seven Destructive Devices regulated under the Nation Firearms Act in violation of 18 U.S.C. § 922(b)(4).

48. The ATF revoked Anzio's Federal Firearms License without authorization.

49. 18 U.S.C. § 922 authorizes the Attorney General to revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation … under this chapter."

50. Mr. Remo, a Responsible Person on Anzio's behalf, did not willfully violate 18 U.S.C. § 922(b)(4).

## COUNT FOUR

51. Petitioner incorporates Paragraphs 1-50 herein by reference.

52. DIO Gerber found Anzio transferred two machine guns to Mr. Remo without receipt of an approved ATF Form 4 by Anzio or without completion of an ATF Form 4473 in violation of 18 U.S.C. § 922(o).

53. The ATF revoked Anzio's Federal Firearms License without authorization.

54. 18 U.S.C. § 922 authorizes the Attorney General to revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation … under this chapter."

55. Mr. Remo never intended to transfer the machine guns from Anzio to himself. The notations Mr. Remo made in his logbook were for tracking purposes, not to signify transfer of a firearm from Anzio to himself.

56. Mr. Remo, a Responsible Person on Anzio's behalf, did not willfully violate 18 U.S.C. § 922(o).

## COUNT FIVE

57. Petitioner incorporates Paragraphs 1-56 herein by reference.

58. DIO Gerber found on seventy-four occasions, Anzio failed to properly maintain the acquisition and dispositions of firearms in its A&D Records in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§ 478.123(a), 478.123(b), and 478.123(d).

59. The ATF revoked Anzio's Federal Firearms License without authorization.

60. 18 U.S.C. § 922 authorizes the Attorney General to revoke any Federal Firearms Licensee "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation … under this chapter."

61. Mr. Remo, a Responsible Person on Anzio's behalf, did not willfully violate the provisions of 18 U.S.C. § 923(g)(1)(A) or 27 C.F.R. §§ 478.123(a), 478.123(b), and 478.123(d).

62. Where the A&D book indicated a "transfer" from Anzio to an individual (usually Mr. Remo, Mr. Ruiz, or another Responsible Person under Anzio's license), Mr. Remo did not actually transfer the firearm to another.

63. Mr. Remo took special care to document in detail Anzio's firearms' movements among him and the Responsible People under Anzio's license.

64. Mr. Remo properly documented any actual transfers between Anzio and individuals not listed as Responsible Persons under his license.

65. Mr. Remo's recordkeeping practice was not purposeful disregard of or plain indifference to the requirements of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§ 478.123(a), 478.123(b), and 478.123(d).

## COUNT SIX

66. Petitioner incorporates Paragraphs 1-65 herein by reference.

67. DIO Gerber found Ligamec Corp. conducted manufacturing of destructive devices and suppressors for Anzio's benefit on its business premises in violation of 18 U.S.C. § 923(a) and 27 C.F.R. § 478.50.

68. The ATF revoked Anzio's Federal Firearms License without authorization.

69. 18 U.S.C. § 922 authorizes the Attorney General to revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation … under this chapter."

70. Mr. Remo, a Responsible Person on Anzio's behalf, did not willfully violate the provisions of either 18 U.S.C. § 923(a) or 27 C.F.R. § 478.50.

71. Ligamec Corp. maintained a Type 07 FFL for its premises.

72. Mr. Ruiz was a Responsible Person of both Anzio and Ligamec Corp.

73. Mr. Remo gave the weapons to Mr. Ruiz to complete manufacturing at the Ligamec Corp. location.

74. Mr. Remo reasonably and genuinely believed Mr. Ruiz could complete manufacturing on Ligamec Corp.'s premises for Anzio's benefit because Ligamec Corp. had an FFL and Mr. Ruiz was a Responsible Person under Anzio's license.

75. Upon information and belief, DIO Gerber relied on a prior 2012 warning Anzio received for an alleged violation of 18 U.S.C. § 923(a) and 27 C.F.R. § 478.50 to substantiate the DIO's willfulness finding.

76. In 2011, Mr. Remo purchased an existing machine shop on his belief from the realtor the commercial property was zoned in for industrial use. Mr. Remo moved his machinery into the newly purchased shop. The ATF found the property was not zoned for

industrial use and informed Mr. Remo. Mr. Remo initiated the rezoning process with the county and moved his firearms to the location. Mr. Remo received the county's approval six weeks after his shop was burglarized and burned.

77. The ATF investigated the burglary and arson at his location and found the firearms in the shop. Mr. Remo stored the firearms in the shop as it was the only secure location for Mr. Remo's firearms. The ATF alleged that Anzio had violated the law based on these circumstances.

78. The allegation here, however, involves Mr. Remo's belief that a Responsible Person under his license may conduct manufacturing at another location so long as the other location possesses an FFL. The allegation here is factually distinct from the prior allegation described in paragraph 77; therefore, it is not a sufficient basis for finding Anzio willfully violated the law.

79. Mr. Remo's reasonable belief was not purposeful disregard of or plain indifference to the requirements of either 18 U.S.C. § 923(a) or 27 C.F.R. § 478.50.

## COUNT SEVEN

80. Petitioner incorporates Paragraphs 1-79 herein by reference.

81. DIO Gerber found Anzio willfully aided and abetted Ligamec Corp. to violate 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§ 478.123(a), 478.123(b), and 478.123(d).

82. The ATF revoked Anzio's Federal Firearms License without authorization.

83. 18 U.S.C. § 922 authorizes the Attorney General to revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation … under this chapter."

84. Mr. Remo, a Responsible Person on Anzio's behalf, did not willfully violate the provisions of 18 U.S.C. § 923(g)(1)(A) or 27 C.F.R. §§ 478.123(a), 478.123(b), or 478.123(d).

**COUNT EIGHT**

85. Petitioner incorporates Paragraphs 1-84 herein by reference.

86. The ATF erroneously found Anzio not to be qualified to receive an FFL and, thus, denied Anzio's Application for a Type 07 Federal Firearms License without authorization.

87. 18 U.S.C. § 923(c) and 27 C.F.R. § 478.47 mandates the ATF to issue FFLs to qualified applicants. Qualified applicants are those that truthfully and fully comply with the application process. Those applicants that comply with all Gun Control Act provisions and implementing regulations are qualified applicants under 18 U.S.C. § 923(d)(1)(C) and 27 C.F.R. § 478.47(b)(3).

88. Anzio truthfully and fully complied with the application process.

89. Anzio complied with all Gun Control Act provisions and implementing regulations.

90. The ATF's denial relies on alleged willful violations of 18 U.S.C. § 923 and its implementing regulations.

91. Anzio did not willfully violate 18 U.S.C. § 923 and its implementing regulations.

WHEREFORE, Anzio Ironworks Corp. respectfully requests that this Court:

1. Accept and review the complete record of proceedings related to the license revocation and application denial, including DIO Gerber's recommendations;

2. Allow discovery and supplementing of the factual record and legal arguments by Petitioner prior to conducting *de novo* review;

3. Conduct a *de novo* review and hearing on the underlying facts and DIO Gerber's decision to revoke Anzio's Federal Firearms License and to deny Anzio's application for a Type 07 Federal Firearms License;

4. Conclude DIO Gerber erred, did not have adequate grounds, and, thus, was unauthorized to revoke Anzio's Federal Firearms License and to deny Anzio's application for a Type 07 Federal Firearms License;

5. Order the DIO to withdraw the license revocation and application denial; and

6. Award such other relief, including costs and attorneys' fees, as this Court deems appropriate.

Dated this 10th date of September, 2020.

Respectfully submitted,

/s/      Katherine C. Donlon
Katherine C. Donlon (FBN: 0066941)
kdonlon@wiandlaw.com
WIAND GUERRA KING P.A.
5505 W. Gray Street
Tampa, Florida 33609-1007
Telephone: (813) 347-5100

*Local Counsel for Petitioner Anzio Ironworks Corp.*

/s/    Camden R. Webb
Camden R. Webb
crwebb@williamsmullen.com
WILLIAMS MULLEN
NC State Bar No. 22374
301 Fayetteville Street, Suite 1700
P.O. Box 1000 (27602)
Raleigh, NC 27601
919-981-4021

*Counsel for Petitioner*
 **Pro Hac Vice Admission Pending*