# EXHIBIT 1

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License

In the matter of:

☐ The application for license as a/an _____, filed by:
or

☑ License Number  1-59-103-10-8G-05536 _____ as a/an

manufacturer of destructive devices, ammunition for destructive devices, and armor piercing ammunition _____, issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and ZIP Code)*
Anzio Ironworks Corp
14605 49th Street N, Ste. 8
Clearwater, Florida 33762

**Notice is Hereby Given That:**

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

   ☐ license described above is revoked pursuant to 18 U.S.C. 923(e), 922(t)(5) or 924(p), effective:

      ☐ 15 calendar days after receipt of this notice, or ☐ _____,

   ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

   ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

   ☐ application for license described above is denied, pursuant to 18 U.S.C. 923(d).

   ☐ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

      ☐ 15 calendar days after receipt of this notice, or ☐ _____,

   ☑ license described above is revoked pursuant to 18 U.S.C. 923(e), 922(t)(5) or 924(p), effective:

      ☑ 15 calendar days after receipt of this notice, or ☐ _____

   ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

   ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at  40 N. Tampa St., Suite 2100, Tampa FL 33602 , prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

**EXHIBIT 1**

ATF E-Form 5300.13
Revised September 2014

| Date | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official | Signature |
|---|---|---|
| 07/10/2020 | Aaron R. Gerber, Director, Industry Operations, Tampa Field Division | Digitally signed by AARON GERBER Date: 2020.07.09 13:59:47 -04'00' |

I certify that, on the date below, I served the above notice on the person identified below by:

[✓] Certified mail to the address shown below.
Tracking Number: FedEx 770926457526

**Or**

[ ] Delivering a copy of the notice to the address shown below.

| Date Notice Served | Title of Person Serving Notice | Signature of Person Serving Notice |
|---|---|---|
| 07/10/2020 | Division Counsel, Tampa Field Division | AMY FREYERMUTH — Digitally signed by AMY FREYERMUTH Date: 2020.07.10 14:40:44 -04'00' |

Print Name and Title of Person Served | Signature of Person Served

Address Where Notice Served

Note: Previous Edition is Obsolete

ATF E-Form 5300.13
Revised September 2014

| | |
|---|---|
| In the Matter of Revocation of Federal Firearms License Under Chapter 44, Title 18, United States Code, as a Manufacturer of Firearms | **TAMPA FIELD DIVISION** |
| Licensee: | **FINDINGS AND CONCLUSIONS** |
| Anzio Ironworks Corp<br>14605 49th Street North, Suite 8<br>Clearwater, Florida 33762 | |

Under the provisions of section 923(e), Title 18, United States Code, the Attorney General may, after notice and opportunity for hearing, revoke any license issued under this section if the holder of such license has willfully violated any provision of this chapter or any rule or regulation prescribed by the Attorney General under this chapter. Anzio Ironworks Corp, Federal firearms license 1-59-103-10-8G-05536, is a manufacturer of Destructive Devices, Ammunition for Destructive Devices, or Armor Piercing Ammunition located at 14605 49th Street N, Ste 8, Clearwater, Florida 33762. ("Licensee") The Licensee has held this Federal firearms license since June 19, 2006.

## BACKGROUND

On September 26, 2018, ATF initiated a firearms compliance inspection at the Licensee's business premise. A closing conference was conducted and a Report of Violations was issued to the Licensee on December 21, 2018. On April 25, 2019, Anzio Ironworks Corp filed an application for a Type 07 Federal firearms Licensee to manufacture firearms other than destructive devices at the business premise located at 12820 Daniel Road, Unit 12, Clearwater, Florida 33762.

On December 26, 2019 a Notice of Revocation was sent certified mail to the Licensee at 14605 49th Street N, Ste. 8, Clearwater, Florida 33762 and a Notice to Deny Application for License, ATF Form 4498 (5300.43), was issued to the Applicant. The Notice informed Anzio Ironworks Corp ("Applicant") that ATF was denying its application for a Federal firearms license due to the actions of the Licensee.

The Notice of Revocation was issued to the Licensee for conducting business activities at a location other than their business premise in violation of 18 U.S.C. § 923(a) and 27 C.F.R. § 478.50; failing to complete and record a firearms transactions on an ATF Form 4473s prior to transferring a firearm to non-licensees in violation 18 U.S.C. § 922(b)(5) and 27 C.F.R. § 478.124(a); transferring firearms to non-licensees without receiving a unique identification number in violation of 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102; failing to properly maintain

the acquisition and dispositions of firearms in the Licensee's Acquisition and Disposition Records required of a manufacturer in violation 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§ 478.123(a), 478.123(b), and 478.123(d); aiding and abetting violations of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§§ 478.123(a), 478.123(b) and 478.123(d) by Ligamec Corp, a manufacturer in firearms and ammunition other than destructive devices; transferring unregistered destructive devices to non-licensees in violation of 18 U.S.C. § 922(b)(4); and transferring two (2) machineguns to non-licensees in violation of 18 U.S.C. § 922(o).

The Notice of Revocation to the Licensee and Notice of Denial of Application to the Applicant advised Anzio Ironworks Corp that they could file a request for a hearing for both actions. This Notice was served by certified mail in accordance with 27 C.F.R. § 478.75 at the business address of the Applicant and the Licensee.

On January 3, 2020, ATF timely received a formal written request for a hearing on the Notice to Revoke or Suspend License and/or Impose a Civil Fine from Mr. Michael Remo, President of Anzio Ironworks Corp. On January 15, 2020, ATF timely received a formal written request for a hearing on the Notice to Deny Application for License from Mr. Remo.

On February 7, 2020, Mr. Remo received a Notice of Hearing for the Licensee. However, the Notice of Hearing for Denial of the Application for Anzio Ironworks Corp was undeliverable by the United States Post Office due to no authorized recipient available at 12820 Daniel Road, Unit 12, Clearwater, Florida 33762 after two delivery attempts were made on February 7 and 8, 2020.

On February 24, 2020, reissued a Notices of Hearing for both the Licensee and the Applicant. These Notices of Hearing were hand delivered to Mr. Remo on February 28th, 2020 advising him that a hearing would be conducted at Tampa Field Division 20th Floor Conference Room located at 400 North Tampa Street, Tampa Florida 33602 on March 11, 2020 at 1000 a.m.

A hearing occurred on March 11, 2020 for both the Notice of Revocation issued to the Licensee and the Notice to Deny Application issued to the Applicant. Present during the hearing was, DIO Aaron Gerber as hearing officer; Mr. Michael Remo as President of Anzio Ironworks Corp for both the Licensee and the Applicant; and ATF Industry Operations Investigator (IOI) Salina Lapella; and the Government was represented by Amy Freyermuth, Tampa Division Counsel. Both parties had the opportunity to present oral and documentary evidence and examine and cross examine witnesses. The Government presented evidence based on willful violations of the GCA and its implementing regulations found during a compliance inspection of the Licensee as basis for both the Revocation of Anzio Ironworks Corp's Type 10 Federal firearms license and the basis for denial of the Application for a Type 07 Federal firearms license by the same company.

## FINDINGS OF FACT and CONCLUSIONS

## FINDINGS OF FACT

Having reviewed the record in this matter, I make the following findings and conclusions:

1. The Licensee, Anzio Ironworks Corp, Federal firearms license number 1-59-103-10-1G-05536, holds a Type 10 Federal firearms license which allows the Licensee to manufacture destructive devices, ammunition for destructive devices, or armor piercing ammunition at the business premises located at 14605 49th Street N, Ste. 8, Clearwater, Florida 33762.

3. The Licensee is a Special Occupational Tax Payer ("SOT Payer") which allows the Licensee to manufacture and/or deal in National Firearms Act Firearms ("NFA Firearms"). NFA Firearms are firearms that are regulated under the National Firearms Act and have to be registered with ATF prior to transfer. The manufacture and/or transfer of Destructive Devices, Silencers, and Machineguns are regulated under the NFA.

4. The transfer of NFA firearms such as Destructive Devices, Silencers, and Machineguns require submission and approval of an ATF Application for Tax-Exempt Transfer of Firearms and Registration to Special Occupational Taxpayer (National Firearms Act) ("ATF Form 3") prior to transfer to another licensee. After receipt of an approved ATF Form 3 from ATF, a licensee can physically transfer the firearm to the approved licensee and must record the disposition of the firearm to that licensee in their Acquisition and Disposition Record ("A&D Record").

5. The transfer of an NFA firearm to a non-licensee requires the submission and approval of an ATF Application for Tax Paid Transfer and Registration of Firearm ("ATF Form 4"). After receipt of an approved ATF Form 4, a licensee can physically transfer the firearm to the non-licensee after an ATF Firearms Transaction Record ("ATF Form 4473") is completed by the non-licensee. The licensee must also record the disposition of the firearm to that non-licensee in their A&D Record.

6. ATF Industry Operations Investigators (IOI) Salina Lapella and Jon-Wayne Griffin initiated a firearms compliance inspection. The period of inspection was September 26, 2017 through September 25, 2018. During the inspection, violations of the Gun Control Act were discovered for the inspection period.

7. At the time of inspection, Mr. Michael Remo was listed as a Responsible Person and President for Anzio Ironworks Corp along with additional Responsible Persons Mr. James Mayo, Mr. Marcos Ruiz, and Mr. John Niediewski. A *Responsible Person* is defined in the case of a corporation, any individual possessing, directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of the corporation, in so far as they pertain to firearms.

*Final Notice of Revocation of Federal Firearms License for Shadow Solutions, LLC*

8. Mr. Marcos Ruiz was also a Responsible Person for Ligamec Corp, Federal firearms license number 1-59-23279, a manufacturer in firearms and ammunition other than destructive devices with a business premise located at 11419 Challenger Ave, Odessa, Florida, 33556.

9. During the inspection, a physical inventory was done by comparing the firearms present at the Licensee's business location to the A&D Record, approved ATF Form 3s and ATF Form 4s, ATF Form 4473s, and a copy of the National Firearms Registration and Transfer Record ("NFRTR") for the Licensee. I find the following violations and supporting facts to be true based on the evidence presented by both parties:

   a. On sixty-nine (69) occasions, the Licensee transferred firearm to unlicensed individuals without receiving a unique identification number in violation of 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102. Since all sixty-nine (69) firearms are regulated under the NFA, a background check would have been done by ATF not by the Licensee. Receipt of an approved ATF Form 4 indicates that a unique identification number was received in compliance with 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102 and that the Licensee can transfer said firearm to an unlicensed individual. There were no ATF Form 4's found during the inspection for these firearms.

   b. In addition to transferring the sixty-nine (69) firearms to unlicensed individuals without receiving a unique identification number, the Licensee failed to complete and record the firearm transaction on an ATF Form 4473 prior to transfer in violation of 18 U.S.C. § 922(b)(5) and 27 C.F.R. § 478.124(a). The transfer of these firearms requires not only an approved ATF Form 4 but also the completion of an ATF Form 4473, minus the background check, prior to physical transfer of the firearm to an unlicensed individual. There were no ATF Form 4473s found during the inspection for these firearms.

   c. Of the sixty-nine (69) firearms transferred to unlicensed individuals, approximately fifty-seven (57) of those firearms were Destructive Devices regulated under the NFA. There was no approved ATF Form 4s or completed ATF Form 4473s for the fifty-seven (57) Destructive Devices in violation of 18 U.S.C. § 922(b)(4) which is required prior to physical transfer of a Destructive Device to an unlicensed individual under the GCA.

   d. Of the sixty-nine (69) firearms transferred to unlicensed individuals, two (2) machineguns were transferred to Mr. Remo without the receipt of an Approved ATF Form 4 by the Licensee or the completion of an ATF 4473 for those two transactions in violation of 18 U.S.C. § 922(o) which is required prior to physical transfer of a Machinegun to an unlicensed individual under the GCA.

 e. Upon inspection of the A&D Record, approximately seventy-four (74) occasions[1], the Licensee failed to properly maintain the acquisition and dispositions of firearms in its A&D Records required of a manufacturer in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§§ 478.123(a), 478.123(b), and 478.123(d):

  i. Three (3) firearms were not recorded as acquisition but found in the Licensee's inventory;

  ii. Sixty-nine (69) firearms were recorded in the disposition record as logged out to non-licensees when they were actually in inventory;

  iii. Two (2) firearms were recorded in the disposition record as logged out to a licensee when they were actually in inventory.

 f. During the inspection, Mr. Remo informed IOIs Lapella and Griffin that there was some assembly of firearms going on at a different location other than the listed business premise, specifically that manufacturing was being done for the Licensee at the business premises for Ligamec Corp in violation of violates 18 U.S.C. § 923(a) and § 27 C.F.R. §478.50.

  i. Ligamec Corp is located at 11419 Challenger Avenue, Odessa, Florida 33556. Mr. Ruiz, a Responsible Person for both the Licensee and Ligamec Corp, was conducting manufacturing functions on Destructive Devices and Suppressors for the Licensee.

---

[1] In the Notice of Revocation and the Notice of Denial of Application to both the Licensee and the Applicant, ATF alleged that on approximately eighty-eight (88) occasions, the Licensee failed to properly maintain the acquisition and dispositions of firearms in its A&D Records required of a manufacturer in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§§ 478.123(a), 478.123(b), and 478.123(d). After the hearing and evidence presented by the Licensee, ATF has amended its finding that only on seventy-four occasions did such violations occur. Specifically, ATF finds that the firearm listed as number 1 (an AIW MF20 Destructive Device, Serial Number 0001) on Appendix B of the Notice of Revocation ("NOR") and Notice of Denial ("NOD") of Application both dated December 26, 2019 was recorded in the A&D Record and thus removing that as a violation. Further, the Licensee provided a letter dated September 24, 2013 information ATF that the thirteen (13) firearms listed as dispositions via Theft/Loss #F20120000226 dated January 27, 2012 in Appendix D of the NOR and NOD were found. The Licensee testified that he faxed the letter to ATF. Therefore, ATF is removing those firearms from the eighty-eight (88) firearms the Licensee was cited for violations of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§§ 478.123(a), 478.123(b), and 478.123(d).

*Final Notice of Revocation of Federal Firearms License for Shadow Solutions, LLC*

    ii. The Licensee knew that he could only can only conduct business activities under the license at its listed business premise due to a Warning Conference conducted based, in part, on the same violation in 2012. On May 30, 2012, the Licensee attended a warning conference during which he was advised that he could only operate from the licensed premises in compliance with 27 C.F.R. § 478.50. The other violations addressed with the Licensee at the Warning Conference was violations of 27 C.F.R. §§§§ 478.91, 478.121(a), 124(a) 479.48, and 479.102. Of those, the Warning Letter summarized that a review of the regulatory requirements regarding licensing, recordkeeping, when an ATF Form 4473 is required for NFA transfers, SOT payment, and marking requirements.

    iii. On June 5, 2012, ATF issued a letter summarizing the Warning Conference that was held on May 30, 2012. The letter stated, in part, the that the Licensee:

> *Specifically, you stated that you would only operate from licensed premises, post your license and maintain your records at the licensed premises, complete an ATF F 4473 for all tax-exempt NFA transfers, and pay your SOT and mark your firearms in a timely manner. You commented that you now understand these requirements fully and will remain in compliance with them. You also stated that review strategies have been implemented to catch any future discrepancies with regard to these areas.*[2]

    iv. In addition, the Licensee was advised in the *Follow-up Letter to Warning Conference Held* dated June 5, 2012 that:

> *The violations for which you were cited could adversely impact law enforcement's ability to reduce violent crime and protect the public. You are reminded that future violations, repeat or otherwise, could be viewed as willful and may result in the revocation of your license. You may anticipate further inspections to ensure your compliance.*
>
> *Please contact us if you have any questions concerning your responsibilities as a licensee or if you require further*

---

[2] *See* Government Exhibit 18, *Follow-up Letter to Warning Conference Held* dated June 5, 2012, para. 2.

*clarification regarding particular requirements of Federal firearms laws.[3]*

    v. During the hearing, the Licensee testified that he thought that he could conduct business activities outside of his business premise if the person conducting those activities had a licensed business premises with ATF and was a Responsible Person.

    vi. IOI Lapella testified that to her knowledge no one from ATF had told the Licensee that this course of action was allowed.

g. From on or about January 18, 2014 to on or about December 6, 2016, the Anzio Ironworks Corp. willfully aided and abetted violations of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§§ 478.123(a), 478.123(b), and 478.123(d) by Ligamec Corp by instructing Marcos Ruiz, the Responsible Person of Ligamec Corp, to not record the acquisition and disposition of approximately forty-five (45) firearms consisting of forty-three (43) destructive devices and two (2) silencers. These firearms are regulated under the NFA and require approval by ATF prior to physical transfer from the Licensee to an unlicensed individual or a licensed entity.

    i. The Licensee confirmed to IOI Lapella that he had transferred the forty-five (45) firearms to Ligamec Corp. to be manufactured at their business premises. After Ligamec Corp had completed the work on the firearms, they transferred them back at an unknown date. The firearms were found in the Licensee's physical inventory but were still logged out to Mr. Remo and/or Mr. Ruiz in the Licensee's A&D Records. The Licensee confirmed that he told Mr. Ruiz not to log the acquisition and subsequent disposition of these firearms into Ligamec Corp's A&D Records as Mr. Ruiz was a Responsible Person of the Licensee and believed that was not required.

    ii. During an inspection at Ligamec Corp in January of 2019, IOI Lapella confirmed with Responsible Person, Mr. Marcos Ruiz, that he did in fact receive the forty-five (45) firearms from the Licensee, conducted manufacturing functions on said firearms at Ligamec Corp's business premise, and transferred them back to the Licensee at a later date. Mr. Ruiz stated that Mr. Remo told him not to enter in the firearms as either acquisitions or dispositions as Mr. Ruiz was a Responsible Person for the Licensee and thus did not have to. Further, Mr. Ruiz told IOI Lapella that he knew that as a Type 07 manufacturer he was not supposed to have these

---

[3] *See* Government Exhibit 18, *Follow-up Letter to Warning Conference Held* dated June 5, 2012, para. 3-4.

types of NFA firearms. At the conclusion of the inspection, Ligamec Corp surrendered their Type 07 License and Mr. Ruiz requested to be removed as a Responsible Person for the Licensee.

10. During the hearing the Licensee testified that he thought Responsible Persons on his license could manufacturer outside of the listed business premises if that Responsible Person had a separate federal firearms license with an approved business premises. The Licensee also confirmed that he attended the Warning Conference in which he was told he could only conduct business activities at his licensed business premise. The Licensee testimony indicated that he was well aware that he could call ATF regarding any confusion he had on this or any other matter by stating, "That's how I - - I should have contacted the ATF and asked what's the proper way to do this."[4] The Licensee did not contact ATF regarding what Responsible Persons could or could not do under the license and instead did what he wanted to do despite it being contrary to the GCA and its implementing regulations having been previously warned of such conduct.

11. The Licensee testified that he used his A&D Record as more of a tracker for his firearms instead of its intended purpose under the GCA which is to record transfers in and out of the Licensee's inventory to licensed and unlicensed individuals for tracing purposes. The Licensee put forth no evidence as to why he did not then log back into his A&D Records the seventy-four (74) firearms he was in physical possession of yet they remained logged out to either licensed or unlicensed individuals in his A&D Records in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§ 478.123(a), 478.123(b), and 478.123(d).

12. In addressing the record keeping violations, the Licensee admitted that his logbook was messy.[5] Further, the Licensee testified that he had numerous inspections in the past and that "[s]o just because I put it to a person doesn't mean I transfer it to them."[6] Putting aside the other inspections, and focusing solely on the 2012 inspection that resulted in a Warning Conference the Licensee was apprised of the importance of recordkeeping and the regulatory requirements regarding having a federal firearms license. Further, the Licensee was advised of the importance of following those regulations in that violating the provisions of the GCA and its implementing regulations could adversely impact law enforcement's ability to reduce violent crime and protect the public.[7] The Licensee stated that he understood the requirements of those holding a federal firearms license in 2012 however during the inspection period of September 26, 2017 through September 25, 2018 made a decision not to follow those statutory and regulatory requirements.

## **CONCLUSIONS OF LAW**

---

[4] Transcript page 68, line 25 thorough page 69 lines 1-2.
[5] Transcript page 76, lines 1-2.
[6] Transcript page 65, lines 15-16.
[7] *See* Government Exhibit 18, *Follow-up Letter to Warning Conference Held* dated June 5, 2012, para. 2.

I find that the violations were willful in that the record demonstrates that the Licensee knew and understood his obligations under the Gun Control Act but purposefully disregarded or was plainly indifferent to these known legal obligations. As such these violations were performed willfully under the administrative provisions of the Gun Control Act and the licensee is subject to revocation. *Willingham Sports, Inc. v. BATF*, 415 F. 3d 1274, 1277 (11th Cir. 2005); *RSM v. Herbert*, 466 F. 3d 316, 321 (4th Cir. 2006); *Simpson v. United States*, 913 F. 3d 110, 114 (2019).

**THEREFORE**, the License held by Anzio Ironworks Corp is revoked as provided by 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73 for the reasons outlined above and set forth in the Notice to Revoke or Suspend License issued on December 26, 2019.

Dated: July 10, 2020

*[signature]* Digitally signed by AARON GERBER
Date: 2020.07.10 10:26:16 -04'00'

Aaron R. Gerber
Director of Industry Operations
Tampa Field Division

U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

Washington, DC

www.atf.gov

## IMPORTANT NOTICE

### Selling Firearms AFTER Revocation, Expiration, or Surrender of an FFL

Former Federal Firearms licensees (FFL's) who continue to sell firearms after the revocation, expiration, or surrender of their license are subject to the same rules as persons who have never been licensed in determining whether they are "engaged in the business" of selling firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). Accordingly, former licensees who wish to dispose of any remaining business inventory must adhere to the following guidance:

Business inventory must be disposed of by the former FFL in a manner that, objectively, does not constitute being engaged in the business of dealing in firearms using the same facts and circumstances test that would apply to persons who have never been licensed.

The preferred manner of disposition is for the former licensee to:

- Arrange for another FFL to purchase the business inventory (and other assets) of the business; or
- Consign the inventory to another FFL to sell on consignment, or at auction.

Should a former FFL decide against those options, he/she should be aware that future sales – whether from his/her personal firearms collection or otherwise – will be evaluated for a potential violation of 18 U.S.C. § 922(a)(1)(A), just as would occur with a person who had never been licensed.

If a former FFL is disposing of business inventory, the fact that no purchases are made after the date of license revocation, expiration, or surrender does not immunize him/her from potential violations of 18 U.S.C. § 922(a)(1)(A). Instead, business inventory acquired through repetitive purchases while licensed are attributed to the former FFL when evaluating whether subsequent sales constitute engaging in the business of dealing in firearms without a license.

ATF remains committed to assisting former licensees in complying with Federal firearms laws. If you have questions, please contact your local ATF office.

Andy R. Graham
Deputy Assistant Director (Industry Operations)
Field Operations