IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Anzio Ironworks Corp. | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | ) Case No. 8:20-cv-2132-T-02AAS |
| Aaron R. Gerber | ) |
| Director of Industry Operations | ) |
| Tampa Field Division | ) |
| Bureau of Alcohol, Tobacco, | ) |
| Firearms and Explosives | ) |
| | ) |
| Respondent | ) |
| | ) |

## ANSWER TO PETITION FOR JUDICIAL REVIEW

Respondent, Aaron R. Gerber, by and through the undersigned, responds to the numbered paragraphs of the petition as follows:

1. Petitioner's unnumbered first paragraph and the first sentence of Paragraph 1 contain a description of the case to which no response is required. The final sentence of Paragraph 1 contains a legal conclusion to which no response is required.

### PARTIES

2. Respondent admits the allegations of the first and second sentences of Paragraph 2. With regard to the third sentence of Paragraph 2, Respondent admits that Petitioner has had a Federal firearms license (FFL) since June 19, 2006 to manufacture

Destructive Devices, Ammunition for Destructive Devices, and Armor Piercing Ammunition. Respondent denies the remaining allegations of Paragraph 2.

3. Respondent admits that Aaron R. Gerber is the Director of Industry Operations of Tampa Field Division of ATF. The remainder of the first sentence of Paragraph 3 is a legal conclusion to which no response is required. Respondent admits that Petitioner is within jurisdiction of the Tampa Field Division and DIO Gerber addresses the issuance and revocation of licenses within his area of responsibility. To the extent a further response is required, Respondent denies the remaining allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 contains a legal conclusion to which no response is required. To the extent that a response is deemed required, Respondent denies the allegations of Paragraph 4.

5. Respondent admits that venue is proper because Anzio has a principal place of business in Clearwater, Florida.

## BACKGROUND FACTS

6. Admitted.

7. Respondent is without sufficient information to either admit or deny the allegations in the first sentence of Paragraph 7 and therefore denies them. Respondent admits the allegations of the second sentence of Paragraph 7.

8. Respondent is without knowledge information to either admit or deny the allegations of Paragraph 8 and therefore denies them. Respondent admits that Petitioner does

have the appropriate FFL to manufacturer 20 millimeter and .50 caliber rifles and ammunition at his licensed business premises.

9. Respondent is without sufficient information to admit or deny the allegations of Paragraph 9 and therefore denies them.

10. Admitted.

11. Admitted.

12. Admitted.

13. Respondent admits that on December 26, 2019, Respondent issued a Notice of Revocation of License (NOR) and Notice to Deny Application (NOD) for License. As to the contents of the revocation notice and denial notice, they speak for themselves. To the extent that Petitioner's allegations regarding the contents of the NOR and NOD differ from the NOR and NOD itself, Respondent denies those allegations.

14. Admitted.

15. Respondent admits the allegations of the first and second sentences of Paragraph 15. Respondent denies the characterization of Petitioner's allegations in sentence 3 of Paragraph 15.

16. Admitted.

17. Denied.

18. Admitted.

19. Petitioner attached the Final Notice of Revocation of License (Final NOR) as Exhibit 1, and Respondent admits that this document is the Final NOR.

20. Petitioner attached the Final Notice of Denial of License (Final NOD) as Exhibit 2, and Respondent admits that this document is the Final NOD

21. Respondent denies that Plaintiff's characterization of the documents fully and accurately sets forth the contents thereof, which speaks for themselves. To the extent a further response is required, Defendant denies the allegations of Paragraph 21.

22. Respondent denies that Plaintiff's characterization of the document fully and accurately sets forth the contents thereof, which speaks for itself. To the extent a further response is required, Defendant denies the allegations of Paragraph 22.

23. Paragraph 23 is a characterization of Respondent's Limited Stay of Revocation of License dated August 19, 2020, which Petitioner attached as Exhibit 3. Respondent denies that Plaintiff's characterization of the document fully and accurately sets forth the contents thereof, which speaks for itself. To the extent a further response is required, Defendant denies the allegations of Paragraph 23.

24. Petitioner attached Respondent's Limited Stay of Revocation dated August 19, 2020 as Exhibit 3. Respondent admits that this is a copy of the Limited Stay of Revocation.

25. Respondent is without sufficient information to admit or deny the allegations of Paragraph 25 and therefore denies them.

26. Respondent is without sufficient information to admit or deny the allegations of Paragraph 26 and therefore denies them.

27. Respondent is without sufficient information to admit or deny the allegations of Paragraph 27 and therefore denies them.

28. In response to the first sentence of Paragraph 28, Respondent issued a Final NOR and Final NOD in response to Petitioner's practices as it relates to regulated firearm activities, and those documents speak for themselves. To the extent a further response is required, Defendant denies the allegations of the first sentence of Paragraph 28. Respondent is without sufficient information to admit or deny the allegations of the second sentence of Paragraph 28 and therefore denies them.

29. Paragraph 29 contains a legal conclusion to which no response is required.

## COUNT ONE

30. Respondent incorporates by reference the responses to Paragraph 1-29 as though fully stated herein.

31. Paragraph 31 is a characterization of the contents of the Final NOR and Final NOD, which speak for themselves. To the extent the Petitioner's allegations regarding the Final NOR and Final NOD differ from the two documents, Respondent denies those allegations.

32. Denied.

33. Denied. The provisions of 18 U.S.C. § 923(e) and 27 C.F.R. 478.73 authorize the Attorney General to revoke any Federal firearms license if the holder of such license has willfully violated the Gun Control Act of 1968 and its implementing provisions, not 18 U.S.C. § 922.

34. Denied.

35. Denied.

36. Admitted.

37. Respondent admits that Mr. Ruiz solely received the firearms to continue and complete manufacturing. Respondent denies the remaining allegations of Paragraph 37.

## **COUNT TWO**

38. Respondent incorporates by reference the responses to Paragraph 1-37 as though fully stated herein.

39. Paragraph 39 is a characterization of the contents of the Final NOR and Final NOD, which speak for themselves. To the extent the Petitioner's allegations regarding the Final NOR and Final NOD differ from the two documents, Respondent denies those allegations.

40. Denied.

41. Denied. The provisions of 18 U.S.C. § 923(e) and 27 C.F.R. 478.73 authorize the Attorney General to revoke any Federal firearms license if the holder of such license has willfully violated the Gun Control Act of 1968 and its implementing provisions, not 18 U.S.C. § 922.

42. Denied.

43. Admitted.

44. Respondent is without sufficient information to either admit or deny the allegations of Paragraph 44 and therefore denies them.

45. Denied.

## **COUNT THREE**

46. Respondent incorporates by reference the responses to Paragraph 1-45 as though fully stated herein.

47. Paragraph 47 is a characterization of the contents of the Final NOR and Final NOD, which speak for themselves. To the extent the Petitioner's allegations regarding the Final NOR and Final NOD differ from the two documents, Respondent denies those allegations.

48. Denied.

49. Denied. The provisions of 18 U.S.C. § 923(e) and 27 C.F.R. 478.73 authorize the Attorney General to revoke any Federal firearms license if the holder of such license has willfully violated the Gun Control Act of 1968 and its implementing provisions, not 18 U.S.C. § 922.

50. Denied.

## COUNT FOUR

51. Respondent incorporates by reference the responses to Paragraph 1-50 as though fully stated herein.

52. Paragraph 52 is a characterization of the contents of the Final NOR and Final NOD, which speak for themselves. To the extent the Petitioner's allegations regarding the Final NOR and Final NOD differ from the two documents, Respondent denies those allegations.

53. Denied.

54. Denied. The provisions of 18 U.S.C. § 923(e) and 27 C.F.R. 478.73 authorize the Attorney General to revoke any Federal firearms license if the holder of such license has willfully violated the Gun Control Act of 1968 and its implementing provisions, not 18 U.S.C. § 922.

55. Denied.

56. Denied.

## COUNT FIVE

57. Respondent incorporates by reference the responses to Paragraph 1-56 as though fully stated herein.

58. Paragraph 58 is a characterization of the contents of the Final NOR and Final NOD, which speak for themselves. To the extent the Petitioner's allegations regarding the Final NOR and Final NOD differ from the two documents, Respondent denies those allegations.

59. Denied.

60. Denied. The provisions of 18 U.S.C. § 923(e) and 27 C.F.R. 478.73 authorize the Attorney General to revoke any Federal firearms license if the holder of such license has willfully violated the Gun Control Act of 1968 and its implementing provisions, not 18 U.S.C. § 922.

61. Denied.

62. Denied.

63. Respondent is without sufficient information to either admit or deny the allegations of Paragraph 63 and therefore denies.

64. Denied.

65. Denied.

## COUNT SIX

66. Respondent incorporates by reference the responses to Paragraph 1-65 as though fully stated herein.

67. Paragraph 67 is a characterization of the contents of the Final NOR and Final NOD, which speak for themselves. To the extent the Petitioner's allegations regarding the Final NOR and Final NOD differ from the two documents, Respondent denies those allegations.

68. Denied.

69. Denied. The provisions of 18 U.S.C. § 923(e) and 27 C.F.R. 478.73 authorize the Attorney General to revoke any Federal firearms license if the holder of such license has willfully violated the Gun Control Act of 1968 and its implementing provisions, not 18 U.S.C. § 922.

70. Denied.

71. Admitted.

72. Admitted.

73. Admitted.

74. Petitioner admits to manufacturing at a business premises not his own in Paragraph 37 and 74, and, therefore, in regards to this fact Respondent admits that Petitioner manufactured firearms at Ligamec Corp.'s business premises for Petitioner's benefit. As for Petitioner's reasonable and genuine belief that he could do this, Respondent denies these allegations.

75. Paragraph 75 is a characterization of the contents of the Final NOR and Final NOD, which speak for themselves. To the extent the Petitioner's allegations regarding the Final NOR and Final NOD differ from the two documents, Respondent denies those allegations.

76. Respondent is without sufficient information to either admit or deny the allegations of Paragraph 76 and therefore denies.

77. Respondent admits that they did respond to a theft concerning the Petitioner on or about February 17, 2012. Respondent is without sufficient information to either admit or deny Petitioner's allegation that his shop was the only secure location to store his firearms and therefore denies it. Respondent denies Petitioner's allegations concerning ATF's reasons for citing Petitioner with violations in the third sentence of Paragraph 77. To the extent a further response is required, Respondent denies the remaining allegations of Paragraph 77.

78. Denied.

79. Denied.

## COUTN SEVEN

80. Respondent incorporates by reference the responses to Paragraph 1-79 as though fully stated herein.

81. Paragraph 81 is a characterization of the contents of the Final NOR and Final NOD, which speak for themselves. To the extent the Petitioner's allegations regarding the Final NOR and Final NOD differ from the two documents, Respondent denies those allegations.

82. Denied.

10

83. Denied. The provisions of 18 U.S.C. § 923(e) and 27 C.F.R. 478.73 authorize the Attorney General to revoke any Federal firearms license if the holder of such license has willfully violated the Gun Control Act of 1968 and its implementing provisions, not 18 U.S.C. § 922.

84. Denied.

## COUNT EIGHT

85. Respondent incorporates by reference the responses to Paragraph 1-84 as though fully stated herein.

86. Denied.

87. Denied. The GCA mandates that ATF *shall* issue a firearms license to a qualified applicant pursuant to 18 U.S.C. § 923(c) and 27 C.F.R. § 478.47. The GCA provides that ATF may deny a firearms license application where the applicant has willfully violated any provision of the GCA or its implementing regulations pursuant to 18 U.S.C. §§ 923(d)(1)(C) and 27 C.F.R. § 478.47(b)(3). To the extent a further response is required, Defendant denies the remaining allegations of Paragraph 87.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

The remainder of the petition is a request for relief, to which no response is required. To the extent that a response is deemed required, Respondent denies that Petitioner is entitled to the relief requested or any other relief against Respondent.

**General Denial**

Respondent hereby denies any allegations made in the petition not specifically admitted or denied previously in this answer.

**Affirmative Defenses**

The Respondent hereby expressly reserves the right to amend this Answer to bring additional defenses over the course of this action, as the facts and evidence may warrant.

WHEREFORE, Respondent respectfully requests that the claims against it be dismissed with prejudice and that it be awarded its costs and attorney fees incurred in defending this action.

Respectfully submitted, this 18th day of November, 2020

        MARIA CHAPA LOPEZ
        United States Attorney

By:   */s/ Michael R. Kenneth*
      MICHAEL R. KENNETH
      Assistant United States Attorney
      Florida Bar No. 44341
      400 North Tampa Street, Suite 3200
      Tampa, Florida 33602
      Telephone:   813-274-6000
      Facsimile:    813-274-6198
      E-Mail: michael.kenneth@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

        */s/ Michael R. Kenneth*
        Michael R. Kenneth
        Assistant United States Attorney